UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| M & K CHEMICAL ENGINEERING CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MALLINCKRODT, INC., TYCO HEALTHCARE RETAIL GROUP, and PROCESS AUTOMATION CONCEPTS, LTD., <br><br> Defendants. | Case No. 07-cv-871-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Remand (Doc. 12) filed by Plaintiff M & K Chemical Engineering Consultants, Inc. (M&K). For the following reasons the Court **DENIES** the Motion.

### **BACKGROUND**

This action was originally filed in Madison County, Illinois on May 22, 2007. M&K is a citizen of Illinois. Mallinckrodt, Inc. is a citizen of Delaware and Missouri, and Tyco Healthcare Retail Group is a citizen of Delaware and Pennsylvania. Process Automation Concepts, Ltd. is a citizen of Illinois. Therefore, although the amount in controversy far exceeds the jurisdictional amount, as there was not complete diversity of citizenship, the action was not removable when filed.

### I.     FACTS

The Complaint alleges that Mallinckrodt, Inc. and Tyco Healthcare Retail Group (collectively referred to as Mallinckrodt/Tyco) made fraudulent and/or negligent misrepresentations that induced M&K to submit a bid and enter into a contract to perform certain

engineering work for Mallinckrodt/Tyco for a price that was too low for M&K to actually complete the work. Process Automation Concepts, Ltd. (PAC) worked as both a subcontractor for M&K and as a direct contractor for Mallinckrodt/Tyco on the project. The Complaint contends that Mallinckrodt/Tyco owes M&K for work completed on the project either under one or more agreements or in *quatum meruit*. The Complaint seeks recision of the contract between M&K and Mallinckrodt/Tyco, restitution from Mallinckrodt/Tyco for the $162,004 by which M&K went over budget on the project and was not paid by Mallinckrodt/Tyco, and restitution from Mallinckrodt/Tyco for any amount M&K owes PAC for work completed on the project. The only claim against PAC is for a declaration of PAC's rights against M&K and M&K's rights for reimbursement from Mallinckrodt/Tyco.

On or about April 5, 2007, Mallinckrodt/Tyco paid PAC $24,515 in settlement of PAC's claims against Mallinckrodt/Tyco. The agreement specified that it did not address potential claims by PAC against M&K. Sometime prior to August 23, 2007, PAC notified M&K that it had no claims against M&K and wished to be dismissed from the lawsuit. However, on or about September 10, 2007, M&K filed an amended complaint which again included PAC as a defendant and alleged that PAC "contends it is owed $63,576" for work on the project.

In an email dated December 6, 2007, M&K indicated that it was willing to try to arrange a settlement with Mallinckrodt/Tyco, but that any settlement figure would have to include the amount claimed by PAC against M&K. M&K told Mallinckrodt/Tyco that it would find out from PAC the status of PAC's claims against M&K and Mallinckrodt/Tyco. On December 11, 2007, PAC's counsel informed Mallinckrodt/Tyco's counsel that he was "pretty certain" that PAC was no longer going to assert any claims against M&K, but that he was waiting for

confirmation from PAC. The next day, December 12, 2007, PAC confirmed in a letter sent to M&K and Mallinckrodt/Tyco that PAC was not going to assert any claims related to the project against either M&K or Mallinckrodt/Tyco. PAC and M&K were to execute a mutual release releasing one another from any claims related to the project, after which M&K would dismiss PAC from the lawsuit with prejudice. On December 17, 2007, Mallinckrodt/Tyco filed a notice of removal invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). M&K filed the Motion to Remand asserting that Mallinckrodt/Tyco's removal was not timely.

## ANALYSIS

A defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case. 28 U.S.C. § 1441(a); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). If the case stated by the initial pleading is not removable on its face, the defendant has thirty days from receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Both parties agree that the statute does not require that the non-diverse defendant be formally dismissed before removal becomes appropriate. *See generally, 14A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure*, Jurisdiction 3d § 3732, at 300-29 and n. 26 (3d ed. 1998); *see also*, *Hessler v. Armstrong World Industries, Inc.*, 684 F.Supp. 393, 395 (D.Del. 1988); *King v. Bell & Howell Mail Processing Systems Co.*, 1997 WL 285969 at *3 (N.D.Ill.). In its notice of removal, Mallinckrodt/Tyco claim that receipt of the letter dated December 12, 2007, from PAC constitutes "receipt by the defendant of . . . other paper from which it first may be ascertained

that the case is one which . . . has become removable."

M&K does not dispute that the December 12 letter is an "other paper" from which it may be ascertained that the case has become removable. Rather, M&K asserts that the letter is not the paper from which it may *first* be ascertained that the case has become removable. M&K contends that Mallinckrodt/Tyco knew when it made its settlement with PAC in April 2007, that PAC no longer had claims against M&K and was therefore not properly a party to the suit. Thus, M&K asserts that removal of the action in December was not within the 30 days required, and therefore the action must be remanded.

M&K's argument fails for several reasons. First, in its complaint, M&K contends that PAC worked on the project both as a sub-contractor for M&K and directly for Mallinckrodt/Tyco. Therefore, there is no reason why a settlement of PAC's claims against Mallinckrodt/Tyco would necessarily involve a settlement of PAC's claims against M&K for which M&K might then seek restitution from Mallinckrodt/Tyco, especially given that the agreement between Mallinckrodt/Tyco and PAC specified that it did not resolve the claims of PAC against M&K. It follows that Mallinckrodt/Tyco could not have ascertained at that point that PAC was no longer a proper party to the suit. Furthermore, in its amended complaint filed in September, 2007, M&K alleges that PAC "contends it is owed $63,576" for work on the project. There is no reason why Mallinckrodt/Tyco should have known that its settlement with PAC in the amount of $24,515 would satisfy PAC's demands of M&K for more than twice that amount. Therefore, there is no reason why to Mallinckrodt/Tyco should have ascertained at that point that PAC was no longer a proper party to the suit.

In addition, the emails and letters attached to the Notice of Removal, the Motion for

Remand and the Response to the Motion make it clear that none of the parties were certain as to whether PAC still had any outstanding claims related to the project. The uncertainty is not resolved until the December 12, 2007 letter. Within days after receipt of that letter, Mallinckrodt/Tyco filed its notice of removal.

Furthermore, insofar as M&K asks the Court to consider the fact that PAC had informed M&K in August by telephone that PAC had no claims against M&K and wished to be dismissed from the action as evidence that Mallinckrodt/Tyco should have known that the action had become removable, this argument must fail. The statute speaks of "receipt by the defendant" of "paper" from which the defendant can ascertain that the action is removable. A telephone call between one defendant and the plaintiff cannot be said to meet either requirement *vis-a-vis* a defendant who was not a party to the call. Additionally, insofar as M&K is arguing that after the August phone call it was apparent that PAC had been fraudulently joined, M&K does not explain why PAC was still named as a defendant in the subsequent amended complaint, nor why PAC has still not been formally dismissed from this action.

Finally, as a matter of judicial economy, the Court is reluctant to set a standard for determining when a defendant can first ascertain that an action has become removable that would encourage faulty removals. Were the Court to accept M&K's argument that mere suspicion that a co-defendant is fraudulently joined is enough to start the clock on the 30 day filing period, defendants would be forced to attempt premature removals out of a concern that delay would cost them their chance to remove. The better rule is that a defendant should act quickly to remove, but he should act on available evidence that the action is removable, not on mere suspicion that it

is.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Remand (Doc. 12)


**IT IS SO ORDERED.**
**DATED: January 18, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**