| | |
|---|---|
| M & K CHEMICAL ENGINEERING CONSULTANTS, INC., | |
| Plaintiff, | |
| v. | Case No. 07-cv-871-JPG |
| MALLINCKRODT, INC., TYCO HEALTHCARE RETAIL GROUP, and PROCESS AUTOMATION CONCEPTS, LTD., | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Second Motion to Remand (Doc. 28) filed by Plaintiff M & K Chemical Engineering Consultants, Inc. (M&K). Defendants Mallinckrodt, Inc. and Tyco Healthcare Retail Group have responded (Doc. 30). M&K has replied (Doc. 31). For the following reasons, the Court DENIES the Motion.

## BACKGROUND

This action was originally filed in Madison County, Illinois on May 22, 2007. M&K is a citizen of Illinois. Mallinckrodt, Inc. is a citizen of Delaware and Missouri, and Tyco Healthcare Retail Group is a citizen of Delaware and Pennsylvania. Process Automation Concepts, Ltd. is a citizen of Illinois. Therefore, although the amount in controversy far exceeds the jurisdictional amount, as there was not complete diversity of citizenship, the action was not removable when filed.

## I.     FACTS

The Amended Complaint alleges that Mallinckrodt, Inc. and Tyco Healthcare Retail Group (collectively referred to as Tyco) made fraudulent and/or negligent misrepresentations

that induced M&K to submit a bid and enter into a contract to perform certain engineering work for Tyco for a price that was too low for M&K to actually complete the work. Process Automation Concepts, Ltd. (PAC) worked as both a subcontractor for M&K and as a direct contractor for Tyco on the project. The Amended Complaint contends that Tyco owes M&K for work completed on the project either under one or more agreements or in *quatum meruit*. The Amended Complaint seeks recision of the contract between M&K and Tyco, restitution from Tyco for the $162,004 by which M&K went over budget on the project and was not paid by Tyco, and restitution from Tyco for any amount M&K owes PAC for work completed on the project. The only claim against PAC is for a declaration of PAC's rights against M&K and M&K's rights for reimbursement from Tyco.

On or about April 5, 2007, Tyco paid PAC $24,515 in settlement of PAC's claims against Tyco. The agreement specified that it did not address potential claims by PAC against M&K. Sometime prior to August 23, 2007, PAC notified M&K that it had no claims against M&K and wished to be dismissed from the lawsuit. However, on or about September 10, 2007, M&K filed an amended complaint which again included PAC as a defendant and alleged that PAC "contends it is owed $63,576" for work on the project.

In an email dated December 6, 2007, M&K indicated that it was willing to try to arrange a settlement with Tyco, but that any settlement figure would have to include the amount claimed by PAC against M&K. M&K told Tyco that it would find out from PAC the status of PAC's claims against M&K and Tyco. On December 11, 2007, PAC's counsel informed Tyco's counsel that he was "pretty certain" that PAC was no longer going to assert any claims against M&K, but that he was waiting for confirmation from PAC. The next day, December 12, 2007, PAC

confirmed in a letter sent to M&K and Tyco that PAC was not going to assert any claims related to the project against either M&K or Tyco. PAC and M&K were to execute a mutual release releasing one another from any claims related to the project, after which M&K would dismiss PAC from the lawsuit with prejudice.

On December 17, 2007, Tyco filed a notice of removal invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). M&K filed the First Motion to Remand asserting that Tyco's removal was not timely. In an Order dated January 18, 2008, the Court denied the Motion, finding that the removal was timely because it came within days of the receipt by Tyco of an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). M&K then filed the Second Motion to Remand contending that M&K has not dismissed PAC from the suit, PAC is a non-diverse party, and PAC did not join in the notice of removal, therefore, the case should be remanded. M&K contends that PAC is a proper party to the suit because a clause in the contract may give Tyco a right to reimbursement from M&K for the funds Tyco paid to PAC. Tyco contends that PAC is fraudulently joined and its presence should be disregarded by the Court for purposes of determining jurisdiction.

## ANALYSIS

A defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case. 28 U.S.C. § 1441(a); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir.1997). If the case stated by the initial pleading is not removable on its face, the defendant has thirty days from receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

or has become removable." 28 U.S.C. § 1446(b). Both parties agree that the statute does not require that the non-diverse defendant be formally dismissed before removal becomes appropriate. *See generally, 14A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure*, Jurisdiction 3d § 3732, at 300-29 and n. 26 (3d ed. 1998); *see also*, *Hessler v. Armstrong World Industries, Inc.*, 684 F.Supp. 393, 395 (D.Del. 1988); *King v. Bell & Howell Mail Processing Systems Co.*, 1997 WL 285969 at *3 (N.D.Ill.). The Court's prior Order found that receipt by Tyco of the letter dated December 12, 2007 from PAC constituted "receipt by the defendant of . . . other paper from which it first may be ascertained that the case is one which . . . has become removable."

## I.     Diversity Jurisdiction and Fraudulent Joinder

"The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests, and is between citizens of different states." 28 U.S.C. §1332(a)(1). The presence of any defendant whose citizenship is not diverse from any plaintiff, destroys the complete diversity required to maintain a federal action based on §1332(a)(1). *Strawbridge v. Curtiss,* 7 U.S. 267 (1806); *Caterpiller, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Fidelity & Deposit Co. of Md. v. Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983). For purposes of Section 1332, "a corporation shall be deemed to be a citizen of any State by which it is incorporated and of the State in which it has its principal place of business." 28 U.S.C. §1332(c)(1).

Although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant solely to defeat federal diversity jurisdiction, as such joinder is fraudulent. *Schwartz v. State Farm Mutual Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir.1999). Additionally, "[d]iversity

jurisdiction cannot be destroyed by joinder of non-diverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). Therefore, the Court will find complete diversity, and allow removal of a case, when the defendant whose presence destroys complete diversity has been fraudulently joined. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992).

A court need not find that a plaintiff committed actual fraud in order to find that a defendant was fraudulently joined. *Id.* Rather, the Court may find joinder fraudulent whenever a claim against a particular defendant has no chance of success. *Id.; Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) ("Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts"). The Court disregards the presence of the fraudulently joined party for purposes of determining diversity and the fraudulently joined party need not join in the removal. *See, id.* Therefore, if PAC is fraudulently joined, the Court will disregard its nominal presence in the suit for purposes of determining jurisdiction and will disregard the fact that PAC did not join in the notice of removal.

## II.     M&K Has No Claims Against PAC Nor Any Potential Claims With Any Possibility of Success

M&K asserts that PAC was not fraudulently joined because Tyco might have an indemnification action against M&K for the amount Tyco paid PAC (i.e. $24,515), pursuant to an indemnification clause in the purchase order. M&K wants the option of recovering the money from PAC should it turn out that PAC was not entitled to the payment.

### A.     Original Claim Against PAC

M&K has a claim against Tyco for money owed to it for the work it did on the engineering project. Originally, M&K was worried that PAC would claim that M&K owed PAC money on the same project, which money M&K would want to recover from Tyco. So, in order to ensure that M&K was asking for the proper amount in its suit against Tyco, it named PAC as a defendant for the sole purpose of obtaining a declaration of the amount, if any, PAC was owed on the project. M&K also wanted a declaration that it was entitled to recover the amount owed to PAC from Tyco. Tyco paid PAC $24,515 in settlement of PAC's claims against it. PAC has repeatedly insisted it has no claims against M&K. This should be the end of the matter. M&K wanted to be certain any amount it owed PAC was accounted for in its claim against Tyco. PAC asserts M&K owes it nothing. M&K may now proceed against Tyco safe in the knowledge that its suit is for the proper amount. However, M&K now asserts that Tyco may be entitled to indemnification from M&K for the $24,515 it paid PAC.

**B.      Interaction of Rights of Indemnity**

M&K's worry is that Tyco could assert a counterclaim against it for the amount it paid PAC. Whether Tyco could is far from certain, but assume for the sake of argument, that Tyco could show that PAC was entitled to payment, and further that Tyco has a right of indemnity from M&K for that payment. The resulting action would be M&K's claim against Tyco that it is owed a certain sum for the engineering project, and a counterclaim by Tyco against M&K for the $24,515 Tyco paid PAC. PAC is not a party to the claim or to the counterclaim.

The inclusion of PAC in the suit is wholly unnecessary to the resolution of any claims of M&K or Tyco. M&K asserts that it wants to retain a right to proceed against PAC for indemnity

of any funds M&K must pay Tyco, presumably under a theory that PAC had no right to the funds.  But, in order for Tyco to recover those funds, it must first show that the funds were properly paid to PAC.  PAC may be a witness in such an eventuality, but would not be a party.  Furthermore, once there has been an adjudication that the funds were properly paid to PAC on the project, M&K would be precluded from trying to relitigate the issue in a subsequent lawsuit against PAC.

In short, PAC is not a proper party to this suit.  The continued inclusion of PAC as a party to the suit is the result of either a fraudulent joinder intended to prevent removal of the action, or a fraudulent joinder resulting from a faulty understanding of the interplay between the various parties indemnity rights vis-a-vis on another.  In either case, the continued joinder of PAC as a defendant in this action is fraudulent.  The joinder became fraudulent on or before December 13, 2007.  At that point complete diversity of citizenship existed.  Therefore Tyco's notice of removal, filed December 18, 2007, was proper.  Additionally, as PAC was no longer properly joined at the time of removal, it was not required to join in the notice of removal.

## CONCLUSION

Because the Court has diversity jurisdiction over this action, the Court **DENIES** Plaintiff's Second Motion to Remand (Doc. 28).

**IT IS SO ORDERED.**
**DATED: March 31, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**