UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

M & K CHEMICAL ENGINEERING
CONSULTANTS, INC.,

    Plaintiff,

  v.

MALLINCKRODT, INC., TYCO
HEALTHCARE RETAIL GROUP, and
PROCESS AUTOMATION CONCEPTS,
LTD.,

    Defendants.

Case No. 07-cv-871-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court Defendants's Motion to Dismiss Plaintiff's First Amended Complaint for Improper Venue (Doc. 4) and Defendants's Motion to Strike Plaintiff's Response to Defendants's Motion (Doc. 44). The Court **DENIES** Defendants's Motion to Strike (Doc. 44) and has considered Plaintiff's Response to Defendants's Motion to Dismiss. For the following reasons, the Court **GRANTS** the Motion to Dismiss (Doc. 4).

### BACKGROUND

The Court draws all facts from the operative complaint and the documents attached to it. M&K Chemical Engineering Consultants, Inc. (M&K) alleges that Mallinckrodt, Inc. and Tyco Healthcare Retail Group (collectively referred to as Tyco) made fraudulent and/or negligent misrepresentations to it. The misrepresentations induced M&K to submit a bid and enter into a contract to perform engineering design work for Tyco for a price that was too low for M&K to actually complete the work.

Tyco solicited a bid from M&K to perform engineering design work for a project to

replace a cooling system for a chemical reactor located in St. Louis, Missouri.  Prior to submitting a bid, M&K asked Tyco certain specific questions, the answers to which would affect the estimated cost of the project.  Tyco made material misstatements of fact in its answers to M&K's questions.  In reliance on Tyco's erroneous answers, on March 3, 2006, M&K submitted a proposal to Tyco to perform the design work for a total of $99,500.

On May 3, 2006, Tyco sent Stan Meyer (Meyer), President of M&K, two emails.  The first was a copy of the front side of each page of a six-page purchase order, and the second was the backside of the purchase order.  The same day, Tyco mailed M&K a copy of the purchase order, containing both front and back pages.  Although Meyer received both of the emails and the mailed copy of the purchase order, he never read the second email or the mailed copy.  Therefore, he was unaware that the back side of the purchase order contained twenty-two paragraphs entitled Terms and Conditions.  One of the paragraphs of which Meyer was unaware was a forum selection clause and a choice of law clause, specifying:

> 6. GOVERNING LAW: The contract resulting from acceptance of this Purchase Order by Seller shall be construed within the courts and under the Laws of the State of Missouri, U.S.A., and said courts shall have exclusive jurisdiction of any action relating to or arising out of the arrangement which is the subject matter of this order.

Additionally, the first paragraph of the Terms and Conditions reads:

> 1. ACCEPTANCE ENTIRE AGREEMENT: Commencement of performance of this Purchase Order shall constitute acceptance by Seller of the terms contained herein.

Two days later, May 5, 2006, M&K submitted its initial engineering design for the project to Tyco.  Because of Tyco's material misstatements, the initial design was not suitable and had to be repeatedly reworked causing M&K to exceed its budget for the project.  Tyco sent

purchase orders for these changes (change orders). Although the change orders also contained the Terms and Conditions paragraphs on the backside of each page, M&K remained unaware of the choice of law and choice of forum clauses when it performed the work specified in the change orders.

M&K brought this action, originally filed in Illinois state court, contending that Tyco owes it for work completed on the project either under the contract or in *quatum meruit*. M&K seeks recision of the contract between M&K and Tyco and restitution from Tyco for the $162,004 by which M&K went over budget on the project.

Tyco contends the Court should dismiss this case pursuant to the forum selection clause contained in the purchase order. M&K counters that the forum selection clause is not a part of the contract between the parties because M&K was unaware of the clause when it commenced work under the purchase order and change orders. M&K requests an evidentiary hearing and a jury trial on the matter of whether the forum selection clause is part of the contract. M&K also contends that enforcement of the forum selection clause would be reasonable and unjust.

**ANALYSIS**

As an initial matter, it is for the Court, not a jury, to make the determination of whether venue is proper, even if resolution of the question hinges on genuinely debatable issues of fact. *Pavey v. Conley*, --F.3d–, 2008 WL 2277494 at *1 (7th Cir. 2008). Additionally, the Court sees no need for an evidentiary hearing, as the pleadings and briefings have fully informed it as to this matter.

**I.     FORUM SELECTION CLAUSE IS PART OF THE CONTRACT**

M&K contends that the contract consists only of the terms of the purchase order that it

read and affirmatively agreed to. Therefore, it reasons that the forum selection clause, which it never read or agreed to, is not a part of its contract with Tyco. However, when a party performs according to the terms of a purchase order, that performance operates as an acceptance of the terms of the purchase order. *See, e.g. Roberts and Shaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252-53 (7th Cir. 1996); *Compass Environmental, Inc. v. Polu Kai Services, L.C.C.*, 882 N.E.2d 1149, 1155 (Ill. App. Ct. 2008). Furthermore, a party may be bound by terms of a contract it did not negotiate or read. *Ridgeway Construction Co., Inc. v. American Nat. Bank & Trust Co. of Chicago*, 563 N.E.2d 986, 990 (Ill. App. Ct. 1990). Here, M&K admits it performed under the purchase order, thereby accepting its terms. The mere fact that M&K did not negotiate or read the terms and conditions section of the purchase order does not mean it is not bound by them.

## II.     FORUM SELECTION CLAUSE IS VALID

A forum selection clause is prima facie valid and will be enforced unless it is unreasonable or unjust or if the clause was procured by fraud or overreaching. *Paper Express Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992); *see M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir. 1990*); IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382, 389 (Ill. App. Ct. 2007).

### A.     No Fraud in Inclusion of Clause in Contract

The mere fact that an action alleges fraudulent inducement in entering the contract as a whole does not necessarily invalidate the forum selection clause of the contract. *American Patriot Ins. Agency, Inc.v. Mutual Risk Management, Ltd.*, 364F.3d 884, 889 (7th Cir. 2004); *see*

4

*Boatwright v. Delott*, 642 N.E.2d 875, 877 (Ill. App. Ct. 1994). However, if the inclusion of the forum selection clause itself was obtained by fraud, it would be improper to enforce the clause. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n. 14 (1974). Here, as M&K admitted in its Supplemental Brief to the Illinois court prior to removal of this action, M&K does not contend that Tyco's fraudulent statements induced it into accepting the forum selection clause. Instead, M&K contends that the fraudulent statements induced it into entering the contract as a whole. This is not a sufficient allegation of fraud to defeat the forum selection clause of the contract.

### B. Enforcement of Clause Not Unjust or Unreasonable

A party opposing enforcement of a forum selection clause on the grounds that the clause is unreasonable or unjust must show that trial in the contractual forum will be so gravely difficult and inconvenient that for all practical purposes it will be deprived of its day in court. *Compass Environmental*, 882 N.E.2d at 1156. M&K does not seriously contend that Missouri is an inconvenient forum. After all, the project was located in Missouri and the suit was originally filed in Madison County, Illinois, on the Missouri border.

However, M&K argues that the forum selection clause should not be enforced because Missouri courts construe the Missouri statute governing licensing requirements for engineering firms more harshly than Illinois courts construe the equivalent Illinois statute. M&K argues that if it is forced to proceed in Missouri courts under Missouri law, it will have a difficult time prevailing in its suit because it was not licenced in strict accordance with Missouri law. If true, this certainly would be a compelling reason for M&K to have objected to the choice of law and forum selection clauses contained in the contract. However, it is not enough to invalidate the clauses.

A court may invalidate a forum selection clause if enforcement would contravene a strong public policy of the state in which the case was brought. *Maher and Associates, Inc. V. Quality Cabinets*, 640 N.E.2d 1000, 1004 (Ill. App. 2d 1994). However, M&K has not shown that enforcement of the clause would contravene Illinois public policy. Allowing Missouri courts to apply Missouri professional engineering licensing law to the contract does not conflict with Illinois public policy. M&K does not contend that the contract would be illegal in Illinois. Furthermore, nothing in the Illinois statute governing licensing requirements for engineering firms suggests it was passed for the purpose of protecting Illinois engineering firms from meeting other state's regulatory requirements. The statute itself states that it was passed for the purpose of protecting "the public health, safety, and welfare" by regulating the engineering industry. 225 ILCS 325/1. Therefore, enforcement of the forum selection clause does not appear to contravene Illinois public policy. Accordingly, the Court will enforce the forum selection clause.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants's Motion to Strike (Doc. 44), **GRANTS** Defendants's Motion to Dismiss (Doc. 4) and **DISMISSES** this action for improper venue.

**IT IS SO ORDERED.**
**DATED: June 18, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
