UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| M & K CHEMICAL ENGINEERING CONSULTANTS, INC., | |
|---|---|
| Plaintiff, | |
| v. | Case No. 07-cv-871-JPG |
| MALLINCKRODT, INC., TYCO HEALTHCARE RETAIL GROUP, and PROCESS AUTOMATION CONCEPTS, LTD., | |
| Defendants. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on two Motions to Supplement the Record on Appeal (Docs. 72 and 76) filed by Plaintiff M & K Chemical Engineering Consultants, Inc. (M&K). Defendants Mallinckrodt, Inc. and Tyco Healthcare Retail Group have responded (Docs. 74 and 78). M&K has replied (Doc. 75).

On June 18, 2008, the Court dismissed this action for improper venue, finding that the disputed contract at issue contained a valid forum selection clause requiring any action relating to the contract be brought in the courts of the state of Missouri. M&K appealed the dismissal of the action, asserting that this Court erred in failing to include in its dismissal the condition that Defendants not argue in any later filed action that, under Missouri law, the contract was unenforceable by M&K. M&K wishes to supplement the record on appeal with the documents of the later filed Missouri action to prove to the Court of Appeals that Defendants raised - and, in fact, prevailed on - just such an argument.

The Federal Rules of Appellate Procedure allow for the record on appeal to be supplemented under certain situations:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded by the district court before or after the record has been forwarded.

Fed. R. App. P. 10(e)(2).

Here, nothing M&K seeks to add to the record was omitted from the record by mistake or accident. Indeed, the material M&K wishes to add did not even exist at the time this Court entered its Order. This Court has no authority to enlarge the record on appeal to include material that was not before it, and could not have been before it, at the time its decision was rendered. *See, e.g. United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987).

Accordingly, the Court **DENIES** Plaintiff's Motions (Docs. 72 and 76).


**IT IS SO ORDERED.**
**DATED: November 21, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**